## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lehigh Valley Properties, Inc.<br>5828 Park Valley Road<br>Schnecksville, PA 18078<br><br>And<br><br>Dennis Atiyeh and Laurie Harakal Atiyeh h/w<br>5828 Park Valley Road<br>Schnecksville, PA 18078<br><br>**Plaintiff,**<br><br>v.<br><br>Portnoff Law Associates, Ltd.<br>2700 Horizon Drive<br>Suite 100<br>King of Prussia, PA 19406<br><br>And<br><br>Northern Lehigh School District<br>1201 Shadow Oaks Lane<br>Slatington, PA 18080-1313<br><br>And<br><br>Parkland School District<br>1210 Springhouse Road<br>Allentown, PA 18104<br><br>    Defendant. | **DOCKET NO.:** _____ |

## COMPLAINT – CIVIL ACTION

COMES NOW THE PLAINTIFFS AND STATE IN SUPPORT OF THIS CIVIL COMPLAINT:

1     Plaintiffs are Dennis Atiyeh and Laurie Harakal Atiyeh husband and wife with a current address of 5828 Park Valley Road, Schnecksville, PA 18078.

3.    Plaintiff Lehigh Valley Properties, Inc. is a Pennsylvania Corporation in good standing

with an address of 5828 Park Valley Road, Schnecksville, PA 18078

4.    Defendant, Portnoff Law Associates, Ltd., ("Portnoff ") is a Pennsylvania entity with an

address of 2700 Horizon Drive, Suite 100, King of Prussia, PA 19406.

5.    Defendant is Northern Lehigh School District, ("Northern Lehigh") with an address of

1201 Shadow Oaks Lane, Slatington, PA 18080-1313.

6.    Defendant is Parkland School District ("Parkland") with an address of 1210 Springhouse

Road, Allentown, PA 18104.

7.    Plaintiffs Dennis and Laurie Atiyeh own a parcel of real property with an address of 5828

Park Valley Road, Schnecksville, PA 18078.

8.    Plaintiff Lehigh Valley Properties owns parcel of real property with an address of 901-

933 North Ivy Street, Allentown, PA 18102.

9.    Defendant Northern Lehigh School District and Parkland School District are public

schools which impose property taxes upon Plaintiffs' property.

10.     Defendant Portnoff acts as the agent for Defendant Parkland and Defendant Northern

Lehigh in collecting taxes at their behest and on their behalf.


11.     Defendants allege that Plaintiffs owe past due school taxes.


12.     Plaintiffs have requested that the Defendants provide proof of the accuracy and validity

of the past due school taxes and Defendants have failed to respond to those requests.  Plaintiffs

paid $48,000 in 2018(Exhibit 1)  Defendants have failed to document the payment receipts to

Defendants from the entities paid.


### COUNT I
### VIOLATION OF PLAINTIFFS' DUE PROCESS RIGHTS UNDER FOURTEENTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION


13.     Plaintiffs incorporate all of the above paragraphs as if set forth fully.


14.     Plaintiff, Lehigh Valley Properties, Inc. is a Pennsylvania Corporation with the sole

officer being Laurie Harakal Atiyeh.


15.     Lehigh Valley Properties owns a parcel of land in the City of Allentown located at 901-

933 North Ivy Street, Allentown, PA 18102 ("North Ivy Street") consisting of initially 4.5 acres.


16.     The City of Allentown attempted to take a portion of Plaintiffs North Ivy Street property

through eminent domain procedure and, after litigation, did take one third (1/3) of Plaintiffs'

North Ivy Street property in 2011.

17.    Defendant Portnoff repeatedly levied taxes upon Plaintiffs' North Ivy Street property for the entire property and refused to reduce the assessed taxes by the one-third amount taken by the City of Allentown through eminent domain from 2011 until 2017.  Portnoff attacked a helpless woman owned business violating constitutional rights.

18.    Defendant Portnoff refused to acknowledge that Plaintiffs no longer owned the entire parcel of land and continually attempted to sell Plaintiffs' North Ivy Street property through sheriff sale for taxes that were not owed.  Portnoff levied taxes against Plaintiff without due process violating Plaintiff's constitutional rights.

19.    Defendant Portnoff bad actual knowledge that the tax they were attempting to collect was incorrect but refused to take any action to correct this situation.  Worse, forcing a sheriff sale knowing the taxes were not due plaintiff requested Dadday/Portnoff credit them on numerous occasions.

20.    Defendant Portnoff acted as Defendant Parkland's agent and alter ego in their efforts to seize and sell Plaintiffs' land.  Attacked Dennis and Laurie Atiyeh's farm at 5828 Park Valley Road Schnecksville, PA 18078.  Defendant Portnoff conspired with Parkland and Northern Lehigh to sell Plaintiff's home.

21.    Defendant Portnoff acted with malice towards Plaintiff and used their power to collect taxes to single out Plaintiff for 'special treatment" which is evidenced by Portnoff's drastic

efforts to sell Plaintiffs' land and home without allowing for any due process under the United States Constitution. The Plaintiffs were not offered a payment plan.

22.     Defendant Portnoff failed to provide Plaintiffs with proper notice and right to a hearing.

23.     Defendant Portnoff treated Plaintiffs unequally under the law and charged excessive fees, legal fees and interest.

24.     Defendant Portnoff knew that the tax they were trying to collect was incorrect yet the failed to cease their collection efforts, forcing the Plaintiffs to file for Bankruptcy.

25.     Defendants actions violate the Fourteenth Amendment to the United States Constitution in that they taxed Plaintiffs' property without the proper due process. LVP paid $83,000 to Portnoff for Ivy Street. Portnoff refuses to give LVP the actual receipts paid, violating due process.

26.     Defendant Portnoff had actual knowledge that the Plaintiffs were involved in litigation with the City of Allentown involving the taking of Plaintiffs' North Ivy Street property and used that knowledge to viciously attack Plaintiffs by repeatedly scheduling Sheriff's sales of Plaintiffs' property. Conspiracy to harm Plaintiffs using their relationship with Parkland and Northern Lehigh School Districts to force a sale on their farm.

27.     Plaintiffs Dennis Atiyeh and Laurie Harakal Atiyeh husband and wife own real property

with an address of 5828 Park Valley Road, Schnecksville, PA 18078 ("Park Valley Road").


28.     Defendant Portnoff collects school taxes for Defendants Parkland and acts as Defendant

parkland's agent and alter ego in doing so.  Dadday/Parkland used their authority to violate

Plaintiffs constitutional rights.


29.     Plaintiffs pay school taxes for their Park Valley Road property to the Northern Lehigh

School District.  Dadday/Portnoff used their authority to violate Plaintiff's constitutional rights.


30.     Defendant Portnoff has continually scheduled Sherriff's sales of Plaintiffs' Park Valley

Road property despite Plaintiffs' requests that Defendant Portnoff provide Plaintiffs with an

accurate accounting of the taxes levied and payments made.  Portnoff knows through

confidential settlement that LVP has money.  Portnoff violates the confidentiality forcing sheriff

sales on Atiyeh's farm knowing Laurie Atiyeh will use  LVP money to pay Portnoff rather than

work out a payment plan.  Portnoff is conspiring with Parkland and Northern Lehigh to steal

money from LVP.  Prohibition of Attachment I  Eminent  Domain Law is being violated by

Portnoff , again violating the Plaintiff's constitutional rights.  Also violating the confidential

settlement agreement in the Eminent Domain Settlement.

31.     Defendant Portnoff has failed to follow the proper procedure in collecting the school

taxes and has purposely ignored Plaintiffs requests for information.

32.     Plaintiffs have contacted the Parkland and Northern Lehigh School Districts concerning the alleged unpaid taxes and were informed that the Parkland and Northern Lehigh School District do not allow the use of Sheriff's Sales for residents' property.

33.     Plaintiffs have further requested that Defendant Portnoff provide Plaintiffs with  proof that Defendant Portnoff is using Plaintiffs' tax money to pay the Parkland and Northern Lehigh school taxes and have never received that information.  Plaintiff believes Portnoff is over charging/padding the bills then paying the school districts less money and therefore, refuses to produce the actual paid receipts from the districts.

34.     Defendant Portnoff is illegally collecting school taxes without proper authority.

35.     Defendant Portnoff is failing to properly apply the school taxes collected to pay the actual tax amounts due overcharging the Plaintiffs and cheating the school districts.

36.     Defendant Portnoff inflates each school tax bill for its own gain and not that of the school district.

37.     Plaintiffs have requested that Defendant Portnoff allow Plaintiffs to enter into a payment plan to while Plaintiffs attempt to resolve all alleged unpaid taxes and Defendant Portnoff refused to do so.

38.     Defendant Portnoff allows all other residents of the Parkland  and Northern Lehigh

School Districts the option to enter into a payment plan.


39.     Defendants are treating Plaintiffs unequally and are violating Plaintiffs' Constitutional

Rights.  Robert Dadday and Portnoff cooperated with the U.S. Attorney and received immunity

in the Allentown corruption case.  Dadday and Portnoff are corrupt.


40.     Plaintiff were forced to expend vast sums of money and further forced to pay not only the

incorrect taxes but also attorney's fees, costs and interest all without due process of law.

Plaintiffs had to file bankruptcy to protect from illegal sheriff sale.  Plaintiffs credit is ruined.


        WHEREFORE, Plaintiffs request that this Court issue an award of all taxes incorrectly

applied, Plaintiffs actual damages in excess of $200,000.00 and received by Defendants as well

as Plaintiffs reasonable fees, costs and expenses together with interest.


## COUNT II
## VIOLATION OF 18 U.S.C.A. §§ 1961 to 1968
## CIVIL RICO CLAIMS


41.     Plaintiffs incorporate all of the above paragraphs as if set forth fully.


42.     The Defendants are engaged in a pattern of illegal activities in the collection of taxes

wherein Defendant Portnoff is improperly collecting school taxes form Plaintiffs and other and

then failing to remit all money collected.

43.     The Defendants actions effect interstate commerce in that Plaintiffs are prevented from engaging in trade with residents and business of New York and New Jersey and other nearby states, specifically, Plaintiffs ability to sell farm crops and parcels of sub-divided land to those residents.

44.     The Defendants agreed to and did conduct and participate in the conduct of an illegal enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff. Specifically: by failing to properly remit Plaintiffs' school taxes; by refusing to provide Plaintiffs with any accounting of how the school taxes were applied; by intentionally blocking Plaintiff from selling portions of Plaintiffs; property and crops; by refusing to allow Plaintiff to enter into a payment plan and by the filing of multiple court actions against Plaintiffs for the improper purpose of harassing and demeaning Plaintiffs. These vindictive acts are in retaliation of Plaintiffs' suit against Dadday and Portnoff. Dadday and Portnoff are using Parkland and Northern Lehigh School Districts to act out their vindictive plot.

45.     Pursuant to and in furtherance of their fraudulent scheme, Defendant(s) committed multiple related acts of conspiracy to defraud Plaintiffs and illegally seize Plaintiffs' land without due process. Dadday to date has not given actual receipts requested for over $150,000 in payments since 2017.

46.     The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5). Dadday, Portnoff has conspired with numerous individuals to attack, harm and harass including Ed Pawlowski, Alan Kessler, Susan Wild, Duane Morris and Judge Johnson.

47.     The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

48.     As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property.

As direct and proximate result of the Count IV Defendant(s)' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(c) and (d), Plaintiffs have been injured in their business and property in that: the Defendants forced Sheriff sales on Plaintiffs real property thereby preventing Plaintiffs' use of the same; Plaintiffs have been forced to spend sums of money including paying attorney's fees, costs and illegal taxes; and, Plaintiffs title to their property has a cloud thereby preventing Plaintiffs from selling or otherwise making use of the same.  LVP was forced to accept less money.

Plaintiffs seek compensation in the form of treble damages, fees, costs and an Order preventing Defendants from placing any of Plaintiffs' property for Sheriff's sale pending a true and accurate accounting of all sums received from Plaintiffs and a disposition of those funds.

## COUNT III
## VIOLATIONS OF PLAINTIFFS STATES CONSTITUTIONAL RIGHTS

49.     Plaintiffs incorporate all of the above paragraphs as if set forth fully.

50.    As set forth above Defendants have violated Plaintiffs rights under the Pennsylvania

Constitution.


51.    Defendants are engaged in a pattern of harassment and illegal taking of Plaintiffs'

property.


52.    Defendants' actions have greatly harmed Plaintiffs in that their properties are now

diminished in value.


WHEREFORE, Plaintiffs request that this Court issue an award of all taxes incorrectly

applied, Plaintiffs actual damages in excess of $200,000.00 and received by Defendants as well

as Plaintiffs reasonable fees, costs and expenses together with interest.



_____
Dennis Atiyeh

_____
Laurie Harakal Atiyeh



Lehigh Valley Properties, Inc.
BY:


_____
Laurie Harakal Atiyeh, President

DATE: October 17, 2019